UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BASF AGROCHEMICAL PRODUCTS B.V. AND BASF CORPORATION | : | DOCKET NO. 05-1478 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MICHAEL T. UNKEL, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Before the court is defendants' motion for reconsideration [doc. # 74] of the court's November 8, 2005, Order [doc. # 57] granting plaintiffs' "Motion for Leave to Amend Complaint." Defendants imply that their "Opposition to Motion to Amend Complaint" was a "responsive pleading" that should have been considered by the undersigned. However, a "responsive pleading" for purposes of Federal Rule of Civil Procedure Rule 15(a), is defined by reference to the pleadings set forth Rule 7(a). *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219 -1220 (5th Cir. 1984).[1] An opposition to a motion to amend the complaint is not a recognized pleading under Rule 7(a), and thus is not a "responsive pleading" within the meaning of Rule 15(a).

Moreover, the undersigned originally considered defendants' opposition memorandum, the thrust of which was that a plaintiff who lacks standing should not be permitted to join another party to cure the deficiency. However, an amendment as of course to join a party is not prohibited even if prior to the joinder, plaintiff failed to state a cause of action. *See*, *McClellan v. Mississippi Power and Light Co.*, 526 F.2d 870, 872 n. 2 (5th Cir.1976), *modified on other*

---

[1] *Zaidi* was cited in our November 8, 2005, Order.

*grounds*, 545 F.2d 919 (5th Cir.1977) (*en banc*).[2]

For the foregoing reasons, defendants' motion for reconsideration [doc. # 74] is hereby DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2] *McClellan* was cited in our original decision. We express no opinion as to the effectiveness of the amendment.