RECEIVED
IN LAKE CHARLES, LA
MAY 18 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BASF AGROCHEMICAL PRODUCTS B.V. and BASF CORPORATION | : | DOCKET NO. 05 CV 1478 |
| VS. | : | JUDGE MINALDI |
| MICHAEL T. UNKEL; MICHAEL W. UNKEL; KINDER CANAL COMPANY, INC.; AND KENNETH McCOWN | : | MAGISTRATE JUDGE WILSON |

## ORDER AND WRITTEN REASONS

On August 17, 2005, the plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, Expedited Discovery and Preservation of Evidence [doc. 4]. The order was granted and a temporary restraining order against the defendants went into effect on August 22, 2005. In addition to granting the motion, the court ordered that a hearing take place in which the defendants were to show cause why the temporary restraining order should not remain in effect or be converted to a preliminary injunction. Pursuant to Rule 12 of the *Federal Rules of Civil Procedure*, the defendants subsequently filed motions to dismiss on the bases of lack of subject matter jurisdiction, no cause of action, no right of action, statute of limitations and failure to plead fraud with particularity.

A hearing was held on November 14-16, 2005, during which the court heard oral arguments on the defendants' motions and took evidence on the motion for preliminary

injunction. At the conclusion of the hearing, the court ruled from the bench, granting the motions to dismiss as to Kinder Canal Company, Inc., Kenneth McCown, denying the motions to dismiss as to Michael T. Unkel and Michael W. Unkel, and granting the plaintiffs' motion for preliminary injunction against the remaining defendants. The defendants have requested entry of judgment on these ruling. The following constitutes the court's findings and reasons for granting the motion for preliminary injunction.[1]

To obtain a preliminary injunction, a party must establish a right thereto in light of four factors: (1) the likelihood of success on the merits; (2) the risk irreparable harm; (3) the balance of hardships among the parties; and (4) the impact of the injunction on the public interest. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451, 7 USPQ2d 1191, 1195 (Fed.Cir.1988).

The plaintiffs have provided sufficient evidence to support its assertion that it has acquired an exclusive right and license to make, use, sell or import products and methods covered by, and that its CLEARFIELD technology falls within the protection of, U.S. Patent No. 6,222,100 (the "100 Patent"), U.S. Patent No. 6,211,438 (the "438 Patent") and U.S. Patent No. 6,211,439 (the "439 Patent") (collectively the "Patents in Suit") and Plant Variety Protection Act Certificate Nos. 200100106, 200100107, and 200200198 (collectively the "PVPA's in Suit"). The plaintiffs also have established: (1) that in an effort to protect against unauthorized use of the

---

[1] Fed.R.Civ.P. 52 states, in pertinent part: "...in granting or refusing interlocutory injunctions the court shall...set forth the findings of fact and conclusions of law which constitute the grounds of its action." Although it is permissible under Rule 52 that the court's findings of fact and conclusions of law are stated orally at the close of evidence, the court has reviewed the transcript of the hearing and concluded that the parties would benefit from written reasons for the court's decision. However, Rule 52 is clear that findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56. Accordingly, the court limits the scope of this memorandum to explaining the reasons for its decision to grant the plaintiffs' request for preliminary injunction.

CLEARFIELD technology, plaintiffs have developed a Stewardship Program which requires any person wishing to purchase CLEARFIELD rice seed as a commercial crop to sign a Stewardship Grower Agreement; (2) that such Stewardship Grower Agreement grants a limited, nonexclusive license to the grower to plant CLEARFIELD rice for "a single commercial crop" and precludes the grower from supplying any seed to third parties or saving any seed or crop produced from this seed for replanting; (3) That in 2004 and 2005, defendant, Michael W. Unkel farmed CLEARFIELD rice without entering into a Stewardship Agreement; (4) That defendant, Michael T. Unkel lawfully purchased enough CLEARFIELD rice seed to grow between 60 and 100 acres of rice and signed a Stewardship Agreement for the 2005 crop year, but used seed saved by Michael W. Unkel to plant an additional 200 acres of unauthorized CLEARFIELD rice.

Based on the forgoing, the court finds that the plaintiffs are reasonably likely to succeed in showing both validity and infringement of the Patents in Suit and the PVPA's in Suit. Further, a clear showing of likely success on the merits entitles a patentee to a rebuttable presumption of irreparable harm. *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556, 31 USPQ2d 1781, 1784 (Fed.Cir.1994). Irreparable harm is presumed in part because "future infringement may have market effects never fully compensable in money." *Hybritech*, 849 F. 2d at 1457. The defendants have not offered any argument sufficient to rebut this presumption. Plaintiffs also claim (and there is no evidence in the record to contradict their claim) that if the defendants are permitted to save CLEARFIELD rice for planting, those seeds inevitably will mix with at least some seeds from weeds such as "red rice." It is then just as inevitable, plaintiffs suggest, that some of this "red rice" seed will mutate to become tolerant to herbicides. This threat to the effectiveness of the CLEARFIELD technology sufficiently establishes a risk of irreparable harm to plaintiffs in the absence of injunctive relief.

The balance of hardships also tips in favor of granting the plaintiffs' request for injunctive relief. The plaintiffs' request is that the rice merely be transferred to and stored at a designated location, that it not be commingled with other rice, and that it not be sold, distributed or destroyed until further order of this court. Since harvested rice typically is stored for several months before being offered for sale, the defendants' interest in the rice is not harmed by granting the relief requested.

Finally, granting an injunction here would not affect the public interest negatively. In fact, the interest of the public is more likely to be advanced by enjoining the sale or distribution of defendants' unauthorized rice seed which, if sold and used for seed, could substantially reduce the effectiveness of the CLEARFIELD technology as a whole.

Accordingly, plaintiffs' motion for preliminary injunction is GRANTED.

Lake Charles, Louisiana, this 18 day of May, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE