


RECEIVED
IN LAKE CHARLES, LA

JUL 2 5 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BASF AGROCHEMICAL PRODUCTS B.V. AND BASF CORPORATION; THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; and MGI PHARM, INC. *(involuntary plaintiff)* | : | DOCKET NO. 2:05 CV 1478 |
| VS. | : | JUDGE MINALDI |
| MICHAEL T. UNKEL, MICHAEL W. UNKEL, KINDER CANAL COMPANY, INC. AND KENNETH MCCOWN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment on Patent Claims [doc. 147] filed by the defendants. This motion has been opposed by the plaintiffs.

Facts

LSU owns U.S. Patents 7,019,196 ("the '196 Patent") and 6,943,280 ("the '280 Patent"), both of which have at least one composition of matter claim or at least one process claim with at least one limitation that specifically refers to the rice variety that is sold under the name CLEARFIELD rice CL161.[1] However, the parties agree that neither of these Patents have been asserted against the defendants.

---

[1] Board of Supervisors of Louisiana State University and Agricultural and Mechanical College's responses to Written Discovery Regarding Michael W. Unkel.

1

The only Patent infringement claims made against the defendants arise under U.S. Patents 6,222,100 ("the '100 Patent"), 6,211,438 ("the '438 Patent"), and 6,211,439 ("the '439 Patent"). The defendants allege that Patents '100, '438 and '439 have not been shown to be related to CL161 and these patents are owned by another entity which has not made an appearance in this litigation.

The plaintiffs submit that the '100 Patent discloses and claims the process of cultivating rice plants that are resistant to herbicides as a result of an altered acetohydroxyacid synthase ("AHAS").[2] The plaintiffs assert that this covers all CLEARFIELD rice varieties, including CL161.[3]

The '438 Patent discloses and claims rice plants that are resistant to inhibition by herbicides as a result of an altered AHAS.[4] All CLEARFIELD rice varieties, including CL161, are covered by these claims because they are resistant to inhibition by herbicides as a result of altered AHAS.[5]

The '439 Patent discloses and claims rice plants that are resistant to inhibition by herbicides based on an altered AHAS.[6] All CLEARFIELD rice varieties, including CL161, are covered by these claims because they are resistant to inhibition to herbicides because of an altered AHAS.[7]

MGI Pharma Inc. is the owner of the '100, '438 and '439 Patents and is an involuntary

---

[2] Plaintiffs' exh. 1 (Patent 6,222,100), col. 28, lns. 29-42.

[3] See id., see also Transcript dated November 14, 15, 2005, pp. 56-61 and p. 96, lns. 6-13.

[4] Plaintiffs' exh. 2 (Patent 6,211,438), col. 28, lns. 10-25.

[5] See id., see also Transcript dated November 14, 15, 2005, pp. 56-61 and p. 96, lns. 6-13.

[6] Plaintiffs' exh. 2 (Patent 6,211,439), col. 28, lns. 10-25.

[7] See id., see also Transcript dated November 14, 15, 2005, pp. 56-61 and p. 96, lns. 6-13.

plaintiff to this action.

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[8] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is

---

[8] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

3

a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

## Analysis

Dr. Guy Zummo[9] testified that all CLEARFIELD rice varieties, including CL161, were resistant to herbicides as a result of an altered AHAS and would be protected by the Patents-in-suit.[10] The defendants' conclusory statement that the three Patents-in-suit do not relate to CL161 is not supported by the evidence. This court has also previously found that these claims relate to these three Patents.[11]

The defendants also assert that these Patents are owned by an entity that has not made an appearance in this litigation. This court has previously concluded that MGI Pharma, Inc. ("MGI")

---

[9] During the hearing on the plaintiffs' Motion for Preliminary Injunction.

[10] Transcript dated November 14, 15, 2005, pp. 56-61 and p. 96, lns. 6-13; Plaintiffs' exh. 1 to 3.

[11] Doc. 144 "The plaintiff have provided sufficient evidence to support its assertion that it has acquired an exclusive right and license to make, use, sell, or import products and methods covered by, and that its CLEARFIELD technology falls within the protection of [the '100 Patent, the '438 Patent and the '439 Patent].

4

is a properly name involuntary plaintiff in this action[12] and that BV[13] and BC, as exclusive licensees to the Patents-in suit, have the right to pursue claims for patent infringement.[14]

The defendants have not demonstrated that the pleadings, affidavits, and other evidence available to the Court establishes that there are no genuine issues of material fact and that the they are entitled to summary judgment as a matter of law. Accordingly, summary judgment on the patent claims will be denied.

The three issues presented in this motion have previously been considered by the court. At the very least, the court found evidence to establish a genuine issue of material fact. Counsel for the defendants is cautioned to avoid filing meritless motions.

Lake Charles, Louisiana, this _25_ day of July, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[12] Docs. 57, 78 and 110.

[13] BASF Agrochemical Products B.V.

[14] Doc. 144.